IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JUAN PABLO CASTRO DUARTE,<br><br>Petitioner,<br><br>v.<br><br>DIRECTOR, T. DON HUTTO IMMIGRATION PROCESSING CENTER, et al.,<br><br>Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 1:26-CV-1966-RP |

**ORDER**

Before the Court is Petitioner Eduardo Antonio Cintra Gonzalez's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), filed *pro se*, and the Response filed by Federal Respondents,[1] (Dkt. 7). Federal Respondents state that Petitioner is being detained pursuant to 8 U.S.C. § 1226(c), which requires the government to detain those who are "inadmissible" under 8 U.S.C. § 1182(a)(2). (Resp., Dkt. 7, at 1). They further state that Petitioner is "inadmissible" under § 1182(a)(2) based on his conviction relating to a controlled substance.[2] (Resp., Dkt. 7, at 1, 3; State Court Judgment, Dkt. 7-5, at 1). Federal Respondents argue that Petitioner is being lawfully detained under the statute and that the circumstances of his detention are constitutional. (Resp., Dkt. 7, at 3–4). The Court will allow Petitioner to file a reply in support of his Petition for Writ of Habeas Corpus, though doing so is not required.

---

[1] The Department of Justice represents only federal employees in this action. (Resp., Dkt. 7, at 1 n.1).
[2] 8 U.S.C. § 1182(a)(2)(A)(i)(II) makes individuals inadmissible if they have been "convicted of . . . a violation of any law or regulation of a State . . . relating to a controlled substance."

Accordingly, **IT IS ORDERED** that Petitioner may file a reply in support of his Petition for Writ of Habeas Corpus on or before **August 14, 2026**.

**SIGNED** on July 21, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE